IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
APR 11 2012
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 4:12CR00156CEJ |
| vs. | ) |
| | ) |
| ROGER B. WILSON, and | ) |
| | ) |
| EDWARD J. GRIESEDIECK, III, | ) |
| | ) |
| Defendants. | ) |

### INDICTMENT

**THE GRAND JURY CHARGES:**

#### COUNT 1
#### MISAPPROPRIATION OF FUNDS FROM INSURER

A. INTRODUCTION

At all times relevant to the Indictment:

1. Missouri Employers Mutual (hereinafter referred to as "MEM") was a provider of workers compensation insurance, created in 1994 by the Missouri legislature, with its primary office located in Columbia, Missouri, and branch offices in Kansas City, Springfield, and St. Louis, Missouri. The defendant, **ROGER B. WILSON,** served as the Chief Executive Officer for MEM.

2. Herzog Crebs was a law firm with its primary office located in St. Louis, Missouri. Herzog Crebs provided legal services to MEM through defendant **EDWARD J. GRIESEDIECK, III**.

3. The defendant, **EDWARD J. GRIESEDIECK, III,** was a partner at Herzog Crebs and a member of that law firm's management committee.

4. Douglas Morgan was a member of the Board of Directors for MEM, having been appointed to that Board by the Governor of the State of Missouri.

5. The Missouri Democratic State Committee is a Political Action Committee with its office located in Jefferson City, Missouri. The Missouri Democratic State Committee is the funding arm of the Missouri Democratic Party.

B. THE OFFENSE

6. On or about October 8, 2009, in the Eastern District of Missouri and elsewhere, defendants,

**ROGER B. WILSON, and**

**EDWARD J. GRIESEDIECK, III,**

being officers, employees, or agents of MEM, a company engaged in the business of insurance whose activities affect interstate commerce, and acting along with Douglas Morgan, willfully misappropriated and aided and abetted the misappropriation of moneys or funds of MEM.

7. It was a part of the offense that during in or about July, 2009, Douglas Morgan requested that defendant **EDWARD J. GRIESEDIECK, III** make a $5,000 contribution out of the bank account of Herzog Crebs to the Missouri Democratic Party, but bill the $5,000 to MEM on the next Herzog Crebs legal bill as "cost advanced". Defendant **EDWARD J. GRIESEDIECK, III** had other discussions with Douglas Morgan about the contribution and the billing, as well as one and more discussions with defendant **ROGER B. WILSON** about the contribution and the billing. The other members of the MEM Board of Directors were not advised of the political contribution, or the

plan to have Herzog Crebs bill MEM for the contribution amount. The MEM Board of Directors did not approve the political contribution.

8. It was a further part of the offense that on or about August 27, 2009, defendant **EDWARD J. GRIESEDIECK, III** requested a Herzog Crebs check in the amount of $5,000 payable to the Missouri Democratic Party. The check was issued from the Herzog Crebs checking account, signed by defendant **EDWARD J. GRIESEDIECK, III**, and given to the Missouri Democratic Party which deposited the check into the Missouri State Democratic Committee bank account on or about August 28, 2009.

9. It was a further part of the offense that on or about September 29, 2009, at the direction of defendant **EDWARD J. GRIESEDIECK, III**, the monthly legal bill from Herzog Crebs to MEM falsely included "cost advanced" of $5,000, with no detail that the money was in fact a contribution to the Missouri Democratic Party. This Herzog Crebs bill was then approved for payment by defendant **ROGER B. WILSON**, and on October 8, 2009 MEM issued its check to Herzog Crebs for legal services, including $5,000 for the "cost advanced". The Board of Directors for MEM was not advised of the true nature of the $5,000 "cost advanced" and were unaware that it was to reimburse Herzog Crebs for the $5,000 contribution made to the Missouri Democratic Party. The MEM Board of Directors did not approve this payment. As a result of defendants' and Douglas Morgan's conduct, the public records of the State of Missouri incorrectly reflected that the August 27, 2009 $5,000 contribution to the Missouri Democratic Party was made by Herzog Crebs when, in fact, the funds came from MEM.

10. During December, 2009, Douglas Morgan again requested that defendant **EDWARD J. GRIESEDIECK, III** make a $3,000 contribution out of the bank account of Herzog Crebs to the

Missouri Democratic Party, but bill the $3,000 in two parts to Morgan personally, and Morgan would then get reimbursed for the $3,000 from MEM. Defendant **EDWARD J. GRIESEDIECK, III** had other discussions with Douglas Morgan about this contribution and the billing, as well as one and more discussions with defendant **ROGER WILSON** about this contribution and the billing. The other members of the MEM Board of Directors were not advised of the political contribution, or the plan to have MEM reimburse Douglas Morgan for the contribution amount. The MEM Board of Directors did not approve the political contribution.

11.     On or about December 21, 2009, defendant **EDWARD J. GRIESEDIECK, III** requested a Herzog Crebs check in the amount of $3,000 payable to the Missouri Democratic Party. The check was issued from the Herzog Crebs checking account and given to the Missouri Democratic Party which deposited the check into the Missouri State Democratic Committee bank account on or about December 22, 2009.

12.     On or about January 28, 2010 and February 24, 2010, at the direction of defendant **EDWARD J. GRIESEDIECK, III**, each of the monthly legal bills from Herzog Crebs to Douglas Morgan included "cost advanced" of $1,500, with no detail that the money had been a contribution to the Missouri Democratic Party.

13.     During August, 2010, Douglas Morgan directed defendant **EDWARD J. GRIESEDIECK, III** to change the billing of the $3,000 contribution from Morgan's personal billing to MEM, as Morgan had not yet paid the bill.

14.     At the direction of defendant **EDWARD J. GRIESEDIECK, III**, each of the monthly legal bills from Herzog Crebs to MEM for July, 2010 and August, 2010 falsely included "cost advanced" of $1,500, for a total "cost advanced" of $3,000, with no detail that the money had

been a contribution to the Missouri Democratic Party. In-house counsel for MEM reviewed the August, 2010 Herzog Crebs bill and in following up learned for the first time from Herzog Crebs' billing department that the "cost advanced" related to the December 21, 2009 $3,000 contribution to the Missouri Democratic Party. MEM's in-house counsel then brought this issue to the attention of defendant **ROGER B. WILSON** who denied any knowledge of the contribution and the agreement to bill it to MEM as "cost advanced".

15. During September and October, 2010, defendant **EDWARD J. GRIESEDIECK, III** had one and more discussions with Douglas Morgan and defendant **ROGER WILSON** about the $3,000 contribution and the unpaid Herzog Crebs bill. On or about November 3, 2010 defendant **ROGER B. WILSON** issued a personal check from his own checking account to Herzog Crebs in the amount of $3,000 to reimburse Herzog Crebs for the December 21, 2009 contribution to the Missouri Democratic Party. That amount therefore was not paid by MEM. The Board of Directors for MEM had not been advised of the true nature of the $3,000 "cost advanced" on the Herzog Crebs MEM bills and were unaware that it was to reimburse Herzog Crebs for the December 21, 2009 $3,000 contribution made to the Missouri Democratic Party. The MEM Board of Directors were unaware of the Herzog Crebs bills and defendant **ROGER B. WILSON'S** payment. As a result of defendants' and Douglas Morgan's conduct, the public records of the State of Missouri incorrectly reflected that the $3,000 contribution to the Missouri Democratic Party was made by Herzog Crebs when, in fact, the funds were billed to MEM and ultimately paid by defendant **ROGER B. WILSON**.

16. As a consequence of these acts, Defendants **ROGER B. WILSON** and **EDWARD G. GRIESEDIECK, III** misappropriated and aided and abetted the misappropriation of an amount

not exceeding $5,000 from MEM, all in violation of Title 18, United States Code, Sections 1033(B)(1) and 2, which is a Class A Misdemeanor.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
HAL GOLDSMITH, 62501
Assistant United States Attorney